D. O. ROBERTS, Appellant,

v.

Lavana (Luviana) Thomas OWENS, Appellee.

Court of Appeals of Kentucky.

April 17, 1964.

4. Though promulgated officially by the court, the rules were, of course, drafted originally by special committee.

G. M. Castle, Harlan, for appellant.

H. M. Brock & Sons, Harlan, for appellee.

CLAY, Commissioner.

In 1941 appellant in good faith purchased three lots in Harlan for $300. In 1955 appellee brought this suit and established her ownership. By virtue of a pre-trial order the only controversy between these two parties involves (1) the rent to which appellee was entitled while appellant was in possession, and (2) the credit which appellant should be allowed for enhancing the value of the property by improvements made thereon.

The case was tried on depositions by the Chancellor (a special Judge) and he charged appellant with rent at the rate of $15 per month (totalling $3,810) and allowed him nothing for enhancing the value of the property.

The property when purchased by appellant was swampy land often flooded, with an elevation substantially below that of the highway which it adjoined. He testified the land was bought to protect his nearby dairy from the danger of pollution. The evidence is rather convincing that this property had practically no value in its unimproved state for any purpose. Appellant filled and drained the land and erected improvements which substantially enhanced its value.

The plaintiff and another witness testified the property in its unimproved state had no rental value. Other witnesses estimated the rental value up to $25 a month, but it appears their estimates were based upon the possible use of the property when improved. None of these witnesses suggested any use of the unimproved property which would justify a substantial rental.

In the light of the evidence we believe the Chancellor was in error in fixing a reasonable rental value of $15 a month or $180 a year. This constituted 60 percent of the purchase price ($300) and it is clear the property had no fair market value in its unimproved state in excess of this purchase price.

However, appellant did have the use of this property which was owned by another. Under the circumstances we think a reasonable annual rental value of 10 percent of the purchase price would be fair. Therefore appellant should be charged on the basis of $30 a year for the term of his occupancy.

Appellant improved this property by draining and filling it and erecting thereon two small dwellings and a warehouse. The photographs show these to be substantial buildings and in a good state of repair. Since the buildings had been erected many years ago, appellant was unable to and did not present very substantial evidence as to the specific costs of the improvements. He did itemize some costs and gave an overall figure ($13,510) as being the amount he expended in improving the property. Other witnesses estimated the cost of constructing the buildings as being in excess of $2,000.

The Chancellor made a finding that the building had enhanced the value of the property in the "sum of $2,000", which is supported by the evidence. He determined, however, that since by virtue of the pre-trial order appellant could not recover anything in excess of the actual cost of construction or the making of improvements, and since appellant had "entirely failed to

show actual. cost of same", he should be allowed nothing on this item. (The Chancellor authorized him to remove the buildings within 90 days.)

Though the evidence for appellant on this issue was not entirely specific as to the cost of the improvements, we are of the opinion there was substantial evidence appellant had expended in excess of $2,000 therefor. Since the Chancellor found the property had actually been enhanced in value in this amount, we think it was error not to allow him this amount.

In his brief appellant raises a question concerning a dower interest, but as this issue was not designated for trial in the pre-trial order, the Chancellor did not err in making no decision in respect thereto.

We wish to make it clear that in this opinion we are not undertaking to decide the basic legal or equitable rights of the parties, but are only determining their rights upon the issues set forth in the pre-trial order which both parties have accepted as governing this controversy.

The judgment insofar as it affects the parties to this appeal is reversed, with directions to modify it consistent with this opinion.